ROBIN HARPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Harper v. Commissioner
Docket No. 256-72.
United States Tax Court
T.C. Memo 1973-214; 1973 Tax Ct. Memo LEXIS 73; 32 T.C.M. (CCH) 994; T.C.M. (RIA) 73214; October 1, 1973, Filed John David Egnal, for the petitioner. Mary Ann Hagan, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: The Commissioner determined deficiencies in and additions to the petitioner's taxes as follows: 2 Additions to tax Year
Deficiency
Section * 6651(a)
Section * 6653(a)
Section * 6654 12/31/58
$ 535.71
$132.92
$ 26.79
$ 11.03
12/31/59
1,222.24
305.56
61.12
29.18
12/31/60
1,106.59
276.64
55.32
24.93
12/31/61
70.11
17.53
3.50
12/ 31/62
103.09
25.77
5.15
12/31/63
268.34
67.08
13.42
12/31/64
199.08
49.77
9.95
12/31/65
528.53
132.14
26.43
7.55
12/31/66
886.62
78.41
44.33
12/31/67
805.88
57.32
40.29
*74 Upon the Commissioner's motion for a judgment on the pleadings that petitioner has failed to state a cause of action, we must decide whether petitioner's proof of allegations regarding his belief that United States foreign policy was immoral, unconstitutional, illegal, and contrary to his religious convictions would allow him to refuse to pay his Federal income taxes and release him from his obligation to pay certain additions to tax. Petitioner, Robin Harper, is an individual who resided in Coatesville, Pennsylvania, at the time he filed his petition in this case. For the years in issue, petitioner did not file Federal income tax returns and refused to pay any Federal income taxes. 3 Instead, he sent a series of statements to various officers of the Internal Revenue Service. In those statements, petitioner expressed his moral and religious objections to the foreign policy of the United States. Petitioner also stated that he was contributing sums equivalent to the amounts imposed by the Internal Revenue Code to "compassionate programs which attempt to heal the ravages *75 of war and foster conditions conducive to peace." In his petition, petitioner asserted that the Commissioner's determination was erroneous.Petitioner based his assertion on the following theories: Because the United States engaged in illegal foreign activities during the years in issue, international and Federal law prohibited him from paying taxes; because of his religious beliefs, the United States Constitution excused him from paying taxes; and because he had no obligation to pay tax and because his failure to file returns was due to reasonable cause, was not willful, was not negligent, and was not an intentional disregard of rules and regulations, he was not liable for additions to tax. In support of these theories, petitioner alleged that the activities of the United States in Indochina violated the Geneva Accords of 1954, the United Nations Charter, the 4 Nuremberg Principles, the Geneva Convention of 1949, and the Hague Convention of 1907. He alleged that, because of those violations, his payment of taxes would have constituted complicity in the commission of crimes. He concluded: "A moral choice to refuse to be in complicity with the commission of such crimes was *76 available to the petitioner, and accordingly, he exercised that choice and refused to file tax returns or pay any tax." Petitioner alleged that, because of his religious training and belief, he is conscientiously opposed to war and that the sincerity of his opposition has been recognized by the Selective Service System, which, in 1950, gave him Class I-O status. Petitioner alleged that, between 1957 and 1968, the nation was a "warfare state" in violation of the preamble of the Constitution and of accepted moral principles. Petitioner also alleged that, during the years in issue, he refused to pay taxes or file returns because of his moral and religious beliefs and because of his belief that the activities of the Federal government were illegal. He alleged that those beliefs were reasonable. Finally, he alleged that he had mailed the statements discussed above to the Internal 5 Revenue Service and had contributed the "alternative tax" discussed above to certain organizations. The Commissioner denied these allegations in his answer and, at trial, moved for judgment on the pleadings. Petitioner insists that he should be permitted to take proof and that the actions cannot *77 properly be disposed of upon the pleadings alone. He proposes to introduce the twelve volumes of the Pentagon Papers and to examine an expert on international law and a veteran of the Vietnamese war to prove the illegality of the foreign policy of the United States. However, giving petitioner the benefit of all factual allegations of his petition, it is apparent that his claims cannot be legally supported and that no amount of proof could give them validity. In Susan Jo Russell, 60 T.C. (September 19, 1973), we held that a taxpayer stated no claim on which relief could be granted when she alleged that she had a right to refuse to pay Federal income taxes because of her religious convictions and her belief that the activities of the United States in Southeast Asia were illegal. Like petitioner, she had paid an "alternative tax." We see no reason to distinguish petitioner's situation from that of the taxpayer in Russell. In 6 reliance on Russell, we sustain the Commissioner's motion as to the deficiency. In his brief, petitioner asserts that the Commissioner's motion relies entirely on . Petitioner argues that Muste is inapplicable. *78 Russell considered and rejected similar arguments, and we see no reason to repeat them here. We also find ample authority to sustain the Commissioner's motion as to the additions to tax under sections 6651(a), 6653(a), and 6654. In his petition, petitioner contests these additions by alleging that he believed that he had a "moral choice to refuse to pay Federal income taxes or file tax returns." In , we held that mere belief that the income tax statute is unconstitutional is not reasonable cause for failure to file tax returns when an individual does not consult legal experts and when "despite the fact that he did not have an informed opinion as to what the courts might hold on the constitutional question he nevertheless was prepared to refuse to file and pay the tax." See also , affd. (C.A. 4, 1957), where we said, "Mere uninformed 7 and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file." Petitioner *79 has not alleged that his decision to refuse to file tax returns was based on the advice of competent counsel. , reversed on another issue at (C.A. 8, 1963), certiorari denied , rehearing denied, , and . Nor has petitioner alleged any facts to indicate that he exercised ordinary business care and prudence. , on appeal to C.A. 7, July 7, 1972. In short, petitioner has alleged no facts which would indicate that an addition to tax under section 6651(a) is improper. Section 6653(a) imposes an addition to tax whenever "any underpayment * * * is due to negligence or intentional disregard of rules and regulations." Petitioner's allegations show that he intended to disregard those rules and regulations 8 which required him to pay Federal income taxes. Petitioner's good faith does not negate that intent. [1]
*80 Section 6654 has no provision relating to reasonable cause and intent. [2] That section "is mandatory and any extenuating circumstances are irrelevant." . See also . Since petitioner has not alleged that he did not underpay estimated taxes, he has not stated a claim upon which we can grant relief. Accordingly, we sustain the Commissioner's motion for a judgment on the pleadings and hold that petitioner has failed to state a claim upon which relief can be granted by this Court. Decision will be entered for the respondent. Footnotes
*. All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated. ↩
1. See (C.A. 3, 1973), affirming , certiorari denied , where the Third Circuit held that a taxpayer's good faith belief in the immorality and illegality of the Vietnam War will not negate criminal willfulness under section 7205. See also (C.A. 5, 1973). ↩
2. Petitioner cannot and does not allege that the exceptions in section 6654(d) apply. ↩